ROSADO ET AL., PLAINTIFFS AND APPELLANTS, *v.* DELGADO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action of Unlawful Detainer.

No. 2240.—Decided February 11, 1921.

UNLAWFUL DETAINER—POSSESSION—OWNERSHIP—CONFLICT OF RIGHTS.—When in an action of unlawful detainer at sufferance the defendant alleges in his answer that he is not in possession at sufferance, but as owner, and produces some evidence tending to show that his possession is not at sufferance, the action of unlawful detainer should not be sustained, for there is a conflict of rights which must be determined with the opportunities of defense or inquiry offered by a declaratory action.

The facts are stated in the opinion.

*Mr. R. Arce* for the appellants.

*Mr. E. López Tizol* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The plaintiff-appellants, as heirs of Angel Hidalgo Contreras, brought an action of unlawful detainer in the District Court of Humacao on August 5, 1919, against the defendants, alleging that when Angel Hidalgo Contreras died on December 14, 1915, he left, among other properties, a rural property, which is described in the complaint, containing a

one-story frame house with a galvanized iron roof used as a dwelling, and as Hidalgo Contreras had sheltered in the said house a woman named Felícita Delgado, an aged and infirm woman who was the natural mother of defendants Juan Jerónimo and Carmen Delgado, the plaintiffs decided to support her and give her shelter during her lifetime and therefore consented that Felícita should continue to live in the house without paying any rent as long as she might live. Her natural children Carmen and Juan Jerónimo Delgado and her son-in-law, the other defendant, Cirilo Santana, lived with her so that they could take care of her; but Felícita Delgado having died on March 20, 1918, the reason for the occupation and use of the house by the defendants ceased to exist, and notwithstanding that fact, they continue in possession of the property without paying any rent and refuse to deliver it to the plaintiffs. .

In their answer to the complaint the defendants denied the facts therein alleged and set up as a matter of defense that in the same court of Humacao there were pending civil actions Nos. 4330 and 5527 between the plaintiffs and the defendants, in which these defendants claim the exclusive ownership of the property described in the complaint, as well as of all the properties which belonged to Angel Hidalgo Contreras and Felícita Delgado before their deaths, and that the defendants in this action are the sole and exclusive owners of the property in question and also the only persons entitled to its possession.

After a trial the court of Humacao entered judgment on December 12, 1919, dismissing the complaint on the ground that this is a case in which the defendants have not the character of possessors at sufferance, for their possession is derived from a more or less questionable right, but in no manner from the tolerance of the plaintiffs.

This judgment was appealed from by the plaintiffs.

In this case we need not consider the rights in contro-

versy between the plaintiffs and the defendants in the two actions brought prior to the present one and pending in the District Court of Humacao, one being action No. 4330 for the liquidation of the community partnership, brought by Felícita Delgado on April 17, 1916, and continued by Carmen and Juan Jerónimo Delgado as her heirs, and the other being action No. 5527, brought by Juan Jerónimo Delgado against the plaintiffs here for a declaration of the existence of a contract, etc., for those rights must be passed on in the said actions and under the pleadings and evidence therein presented, and we can not in this case prejudge their results.

The only question to, be considered here is whether or not the defendants are in possession of the house in question at sufferance, and in order to decide this it is necessary to examine the evidence introduced at the trial.

The facts shown at the trial were that the plaintiffs are the successors of Angel Hidalgo Contreras by title of inheritance; that by a deed of May 10, 1905, recorded in the registry, Hidalgo Contreras acquired the property and house referred to in the complaint; that Felícita Delgado died after executing a will on April 3, 1917, wherein she named as heirs her daughter Carmen, born of her relations with Manuel Delgado and married to Cirilo Santana, and Jerónimo Delgado, born during her concubinage with Angel Hidalgo, and that the actions which we have mentioned are still pending.

The oral evidence of the plaintiffs tends to show that after the death of Angel Hidalgo they agreed that Felícita Delgado should continue to live until her death in the house in which she had been living with Angel Hidalgo, under the care and protection of her children Juan Jerónimo and Carmen Delgado, the wife of Cirilo Santana.

The oral evidence of the defendants tends to show that Angel Hidalgo Contreras and Felícita Delgado lived for many years in concubinage and that during that time they

both worked and Hidalgo purchased for the two and with their common funds the house in question.

The oral evidence of the defendants consists of the testimony of José Rodríguez Cruz and Ramón Morales. The former testified, among other things, that "he knows that the property to which the complaint refers was purchased by Angel Hidalgo with the funds of both, as they explained; with his money and that of Felícita, the woman kept by him; that Fela lived with him in the same house; that the witness knew them while they were living as husband and wife for at least twenty-eight years; that she worked as much as he did; that she devoted her time to raising poultry and hogs; that the witness knows that she attended to the household duties; that she worked more than he did, much more, at all kinds of work, attended to the house and to raising poultry and hogs; that she directed the laborers and prepared their food and all that; that she did that on the property which he had leased.  *  *  * That Angel Hidalgo told the witness that he was going to purchase that property and in order to do so had to sell her properties and his own so as to buy it with the proceeds.  *  *  * " The other witness, Ramón Morales, testified "that Angel  *  *  * told him that he had acquired that property by his work and that of his wife, or the woman he had with him, because he had leased a property from Ignacio Berríos and they worked there raising hogs and cattle, having thus accumulated a small capital which they kept in the house of Celestino Solá, and with which they afterwards purchased that property from Machuca, and Angel Hidalgo said: I want this for my son so that when I and the mother are dead the son may be provided for.  *  *  * I can say that I knew Felícita Delgado while she lived with him and that they acquired a small capital and lived together."

As will be seen, the denial of the defendants regarding their possession at sufferance is not without some show of

evidence. To this case may be applied the doctrine laid down in *Miranda* v. *Camerón et al.,* 19 P. R. R. 465, and *Gandía* v. *Cabán,* 22 P. R. R. 773, that when in an action of unlawful detainer the defendant alleges in his answer that he does not hold possession at sufferance, but as owner, and introduces some evidence which tends to show that his possession is not at sufferance, the action of unlawful detainer can not be maintained.

Considering the evidence examined, we can not reach the conclusion that the defendants are in possession of the property at sufferance, that is, without any title or right thereto and through the mere tolerance of the plaintiffs. This case involves a conflict of ownership of great importance, which can not be considered in an action of unlawful detainer without the securities of defense and information available in an ordinary action. *Andino* v. *Canales,* 27 P. R. R. 262.

The judgment appealed from must be

*Affirmed.*

Justices Del Toro and Hutchison concurred.
Justices Wolf and Aldrey dissented.